[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15330
Non-Argument Calendar
_____

D. C. Docket No. 05-00029-CV-CAR-5

TRACY ANTHONY MILLER,

Plaintiff-Appellant,

versus

JUDGE RICHARD PRYOR,
TYDUS MEADOWS,
LIEUTENANT WILLIAMS,
LT. DAVIS,
LASHANDA WARTHEN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 22, 2008)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Tracy Anthony Miller, a *pro se* Georgia prisoner proceeding *in forma pauperis*, appeals the dismissal, pursuant to 42 U.S.C. § 1997e(a), of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. Miller alleged that Men's State Prison ("MSP") officials were deliberately indifferent to his medical needs and violated several of his rights. He also alleged that officials refused to provide him with requested grievance forms. He further alleged that after he was transferred out of MSP, officials at his new institution refused to provide him with grievance forms to file an out-of-time grievance against the MSP officials. On appeal, Miller argues that *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), abrogated the requirement to file an out-of-time grievance. Miller further argues that he was prevented from exhausting his administrative remedies. For the reasons that follow, we affirm the district court's dismissal of Miller's complaint without prejudice.

## STANDARD OF REVIEW

We review *de novo* the dismissal of a § 1983 action for failure to exhaust administrative remedies. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). "We review the district court's findings of fact for clear error." *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008). We hold *pro se* pleadings to a less

2

stringent standard than attorney-drafted pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

## DISCUSSION

The district court properly dismissed Miller's complaint without prejudice for failure to exhaust administrative remedies. An inmate must exhaust administrative remedies before filing a § 1983 action to challenge prison conditions. 42 U.S.C. § 1997e(a). Section 1997e(a)'s exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002). A prisoner does not have to plead exhaustion in his complaint because § 1997e(a)'s exhaustion requirement is an affirmative defense. *Jones*, 549 U.S. at ___, 127 S. Ct. at 920-21.

An exhaustion defense should be raised in a motion to dismiss. *Bryant*, 530 F.3d at 1374-75. "Where exhaustion . . . is treated as a matter in abatement . . . , it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376.

In *Bryant*,[1] a Georgia prisoner alleged that he had been beaten by prison officials on multiple occasions. *Id.* at 1372. He filed a grievance for the beating,

---

[1] *Bryant* was a consolidated appeal of two Georgia prisoners, who individually brought § 1983 actions to challenge the conditions of the institution in which both were incarcerated.

3

but it was denied. *Id.* He was beaten again, this time for filing the grievance. *Id.* He was eventually transferred to another institution. *Id.* But he did not file a grievance about the beatings before filing his § 1983 action. *Id.*

We determined in *Bryant* that Georgia prisoners must file out-of-time grievances to exhaust administrative remedies. *See id.* at 1378-79. Because the district court allowed the prisoner to develop the record regarding exhaustion, we concluded that it did not err by acting as a factfinder in determining whether the prisoner had access to grievance forms at his new institution. *Id.* at 1377.

Here, Miller has similarly failed to exhaust his administrative remedies as to the alleged wrongdoing at MSP. He does not dispute that he successfully submitted two other grievances at his new institution. Accordingly, the district court did not clearly err in finding that Miller had a grievance procedure available at his new institution. Since Miller has not exhausted his administrative remedies available under that grievance procedure, the district court properly dismissed his complaint without prejudice.

## CONCLUSION

After carefully reviewing the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**

4